IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JOHNNY L. VAUGHNS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 118-006 |
| | ) | |
| THE STATE, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner brings this case pursuant to 28 U.S.C. § 2254, and seeks permission to proceed *in forma pauperis* ("IFP"). Upon initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court **REPORTS** and **RECOMMENDS** Petitioner's motion to proceed IFP be **DENIED AS MOOT**, (doc. no. 6), the petition be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

**I.   BACKGROUND**

On January 29, 2015, a jury in Richmond County Superior Court convicted Petitioner of aggravated sexual battery, rape, and three counts of child molestation.[1] The trial court sentenced Petitioner to life imprisonment for the aggravated sexual battery and rape

---

[1] See Richmond County Clerk of Court Web Docket (hereinafter "Richmond Docket"), available at https://cocaugustaga.gov/mainpage.aspx (follow "Criminal Search" hyperlink; then search for "Vaughns, Johnny Lee," open 2014RCCR00992, last visited Jan. 31, 2018); see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings).

convictions and twenty years of imprisonment for each count of child molestation. Richmond Docket. On February 2, 2015, Petitioner filed a motion for new trial. Id. On November 9, 2016, the trial court denied Petitioner's motion for new trial but vacated his rape conviction. Id. Petitioner filed a notice of appeal to the Georgia Court of Appeals on November 16, 2016. Id. Petitioner filed a second motion for new trial to the trial court on February 9, 2017, and a "motion for release pending direct appeal" on March 8, 2017. (Doc. no. 1, p. 5.) In March of 2017, the trial court denied his "motion for release pending appeal." (Id. at 6.) Petitioner's second motion for new trial remains pending. Richmond Docket. On May 30, 2017, Petitioner moved the Court of Appeals to "'reconsider bail or release' pending appeal." (Doc. no. 1, p. 6.) Petitioner states, on June 22, 2017, the Court of Appeals "passed down a written Order thus improperly denying the appellant's valid motion, without a written explanation or remanding the case back to state court . . . ." (Id.) The docket for the Court of Appeals of Georgia indicates Petitioner's appeal regarding the motion for new trial remains pending.[2]

Petitioner claims in the federal petition the Court of Appeals violated his "Due Process" rights by improperly denying his "motion to reconsider motion for release pending direct appeal." (Id. at 1-3.) Petitioner argues the Court of Appeals erred, in part, by: (1) failing to remand his case back to the "district court"; (2) not providing a written statement of the basis for denying his order; and (3) incorrectly deciding not to release him pending appeal. (Id. at 7-13, 15.) Furthermore, Petitioner states "[t]he Court of Appeals failed to

---

[2] See Court of Appeals of Georgia Docket/Case Inquiry System, available at http://www.gaappeals.us/docket/index.php (search for A17A1499, last visited Jan. 31, 2018).

instruct the appellant of his right to appeal the denial of his motion within ten days to the federal court." (Id. at 1.)

Petitioner originally filed his case in the Northern District of Georgia, but United States Magistrate Judge Alan J. Baverman transferred the case to the Southern District of Georgia on January 4, 2018. (See doc. no. 2.)

## II. DISCUSSION

### A. The Exhaustion Requirement

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, ("AEDPA"), and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003). The exhaustion requirement applies with

3

equal force to all constitutional claims. See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992). "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'" Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted). However, an unexhausted claim is not procedurally defaulted unless the existence of a state procedural bar makes it evident that any future attempts at exhaustion would be futile. Gore v. Crews, 720 F.3d 811, 816 (11th Cir. 2013).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)). However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal. Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982). Moreover, in Georgia, a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies." Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

When a petitioner files a "mixed" petition, including both exhausted and unexhausted claims, a court has the option of issuing a stay and holding the petition in abeyance to allow the petitioner to return to the state court to exhaust his remedies as to the unexhausted claims. Rhines v. Weber, 544 U.S. 269, 275-77 (2005). However, the stay and abeyance procedure

should only be used in limited circumstances when a court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Id. at 277. Petitioner has not presented any exhausted claims in the present petition, and therefore, the stay and abeyance procedure is inapplicable.

### B.  Petitioner Failed to Exhaust State Remedies.

Petitioner's complaint and the Court of Appeals' docket indicate Petitioner has a state proceeding pending. (Doc. no. 1.)  Although it appears Petitioner's state proceeding concerns the denial of his motion for new trial, Petitioner claims he has also attempted to have the Court of Appeals reverse the trial court's denial of an appeal bond. (Id. at 6).

However, Georgia case law is clear that, subject to various state procedural requirements, Petitioner may challenge the denial of an appeal bond by appealing the decision to the Georgia Supreme Court or filing a state habeas corpus petition. See Browning v. State, 330 S.E.2d 879, 880-82 (Ga. 1985) (affirming lower court's denial of appeal bond); Birge v. State, 230 S.E.2d 895, 896-97 (Ga. 1976) (reversing and remanding court of appeal's decision to deny defendant bail pending appeal); Watts v. Grimes, 161 S.E.2d 286, 287-88 (Ga. 1968) (affirming denial of habeas relief where trial court denied bail pending petitioner's appeal).[3]  Here, there is no indication Petitioner has pursued either available state court procedure. Furthermore, there is no indication Petitioner made the Court of Appeals aware of his argument that the claim presents a federal constitutional issue. Preston, 785 F.3d at 457.

---

[3] Additionally, the Court notes Georgia law does not allow appeal bonds for persons convicted of child molestation and sentenced to a period of incarceration of five years or more. O.C.G.A. § 17-6-1(g).

5

Only in rare circumstances may a federal habeas court deviate from the exhaustion requirement, such as in cases where the delay in the state courts is unreasonable or otherwise unjustified. Generally, as a matter of comity, the state courts must be afforded a fair opportunity to hear claims raised in a habeas corpus petition challenging custody resulting from a state court judgment. Picard v. Connor, 404 U.S. 270, 275 (1971). However, "[c]omity does not require that the federal courts decline to exercise jurisdiction in the face of allegations that the state courts have been presented with the merits of a claim for habeas corpus relief and have, for one reason or another, refused or been unable to act upon the claim." St. Jules v. Beto, 462 F.2d 1365, 1366 (5th Cir. 1972).[4]

In this regard, "[a] federal habeas petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991); see also Reynolds v. Wainwright, 460 F.2d 1026, 1027 (5th Cir. 1972) (ruling that an inordinate delay can, under certain circumstances, excuse exhaustion). However, the Court must be mindful that "state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 562 U.S. 86, 103 (2011). Indeed, the exhaustion requirement ensures "that state proceedings are the central process, not just a preliminary step for a later federal habeas proceeding." Id.

---

[4]Under Bonner v. City of Prichard, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

As described above, the state courts must be given an opportunity to consider Petitioner's claims. There is no indication of unreasonable delay or a refusal to address a claim such that this Court should disregard the exhaustion requirement. Exhaustion will allow for factual development of Petitioner's claims and provide the state courts the first opportunity to correct any alleged constitutional violations. In sum, Petitioner has not exhausted by giving the state courts "an opportunity to act on his claims *before* he presents those claims to a federal court in a habeas petition." O'Sullivan, 526 U.S. at 842 (emphasis added).

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Petitioner's motion to proceed IFP be **DENIED AS MOOT**, (doc. no. 6), the petition be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 8th day of February, 2018, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA